UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT EARL KING, III. | CIVIL ACTION |
| VERSUS | NO. 25-0962 |
| THOMPSON MEAT PACKING, ET AL. | SECTION "M" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Robert Earl King, III. filed a complaint pursuant to 42 U.S.C. § 1983, which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Having considered the record and the applicable law, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I. FACTUAL ALLEGATIONS

#### A. Complaint (ECF No. 3)

King, a pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant 42 U.S.C. § 1983 against defendants Thompson Meat Packing, Popeyes, Circle K, Race Trac, McDonald's, and Deputy Casey seeking compensatory damages. ECF No. 3 at 1; *id*. ¶III(B)-(G), at 4; *id*. ¶V, at 6. As to Deputy Casey, King alleges that she is a 911 operator and, after he asked her whether "responding officers were not going to kill me" during a July 24 or 25, 2020, call, she responded by saying "that[']s all you [are] getting then." *Id*. at 4.

King also alleges that, around February 10, 2025, through February 14, 2025, Thompson Meat Packing Company was distributing contaminated meat products to the named restaurants and gas stations. *Id*., ¶IV, at 4. He asserts that, through his independent investigations, he discovered Thompson Meat Packing Company was involved in a human trafficking ring in Slidell, Louisiana, and responsible for killing humans inside their warehouse. *Id*. at 5.

## II.     LEGAL STANDARDS

### A.     Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327).
[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[5] *Id.*
[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.[9] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke*, 490 U.S. at 319, held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B.  Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

---

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 544).
[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id.*
[13] *Id.*

secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

## III.   ANALYSIS

### A.   Improper Defendants

King named Thompson Meat Packing, Popeyes, Circle K, Race Trac, and McDonald's, as defendants. ECF No. 3 at 1; *id.*, ¶III(B)-(G), at 4. As outlined below, these private entities are not proper defendants and the claims against them must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

---

[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).

A plaintiff bringing a § 1983 complaint is required to identify both a constitutional violation and the responsible person acting under color of state law.[20] Generally, a suit under § 1983 cannot be brought against a private entity acting in its private capacity.[21] A non-state or private actor can, however, be held liable under a § 1983 cause of action if the actor engaged in "a conspiracy with state actors to violate [the plaintiff's] constitutional rights."[22] Although the Court must "treat *pro se* pleadings more liberally, some facts must be alleged that convince [the court] that the plaintiff has a colorable claim."[23]

Thompson Meat Packing, Popeyes, Circle K, Race Trac, and McDonald's are all private entities. Further, King has not alleged that any of these private defendants were acting under color of state law and his factual allegations do not provide any basis to conclude that they acted outside of their private capacities nor in conspiracy with any state actor to violate his constitutional rights.

For these reasons, Thompson Meat Packing, Popeyes, Circle K, Race Trac, and McDonald's are all private entities not to be held liable under § 1983. Thus, the claims against Thompson Meat Packing, Popeyes, Circle K, Race Trac, and McDonald's are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

**B.   Timeliness**

Only Deputy Casey could qualify as proper defendant for a § 1983 claim. However, King claims Deputy Casey violated his constitutional rights during a July 2020 911 call.

---

[20] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[21] *See Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993) (a hospital does not become a state actor simply due to receipt of public funds and being subject to state regulation); *Lott v. Lopinto*, No. 19-14010, 2021 WL 11550132, at *2 (E.D. La. Jan. 29, 2021) (citations omitted) ("neither Walmart nor its employees are not "considered to be acting under color of state law for purposes of § 1983 liability.").
[22] *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008); *see Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (private company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights).
[23] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

"[T]he statute of limitations for a Section 1983 action is a state's general or residual personal injury statute of limitations."[24]  In this instance, Louisiana's one-year statute of limitations, or prescriptive period, for tort claims would apply.[25] King alleges the incident involving Deputy Casey occurred in July of 2020, but did not file his original complaint until May 13, 2025. ECF No. 1 (Deficient complaint).  King does not assert that he was unable to file his action within the one-year period. Further, nothing suggests that the doctrine of *contra non valentem*, or any other doctrine that may toll the prescriptive period, applies to except King from the time-bar.[26]

Louisiana's one-year prescriptive period on King's claims ran before he filed his complaint on May 13, 2025.  Any claims against Deputy Casey pertaining to events occurring in 2020 are prescribed and untimely and, as such, properly dismissed as frivolous.[27]  Consequently, King's claims against Deputy Casey are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

## IV.   RECOMMENDATION

For the foregoing reasons,

---

[24] *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir.) (citation omitted), *cert. denied*, 145 S. Ct. 170 (2024).

[25] In 2024, Louisiana's prescriptive period for torts was extended to two years. La. Civ. Code art. 3493.1. However, this change has "prospective application only," and thus the two-year prescriptive period applies "to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Since the alleged incidents underlying King's claims occurred before July 1, 2024, the former one-year prescriptive period under La. Civ. Code art. 3492 applies.  *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

[26] In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law.  *Lopez-Vences v. Payne*, 74 F. App'x 398, 398 (5th Cir. 2003); *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002).  The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of *contra non valentem*. *Crane v. Childers*, 655 F. App'x 203, 204 (5th Cir. 2016) (citing *Corsey v. State*, 375 So. 2d 1319, 1321 (La. 1979)).
*Contra non valentem* excepts a plaintiff from an applicable prescriptive period "where the cause of action is not known or reasonably knowable by the plaintiff."  *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 517 (5th Cir. 2009) (quoting *Cole v. Celotex Corp.*, 620 So.2d 1154, 1156 (La. 1993)).

[27] *See, e.g., Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

It is therefore **RECOMMENDED** that plaintiff Robert Earl King III's 42 U.S.C. § 1983 claims against defendants Thompson Meat Packing, Popeyes, Circle K, Race Trac, McDonald's, and Deputy Casey be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[28]

New Orleans, Louisiana, this __7th__ day of August, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[28] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.